**RIGEL ENTERPRISES, INC., f/k/a Buffalo Brake Beam Company, Plaintiff–Appellant,**

v.

**Linda ANGELLO, Commissioner, New York State Department of Labor, Defendant–Appellee.**

**Docket No. 02–9253.**

United States Court of Appeals, Second Circuit.

June 13, 2003.

Thomas G. Gill, Hiscock & Barclay, LLP, Buffalo, NY, for Plaintiff–Appellant.

Seth Kupferberg, Assistant Attorney General, New York, N.Y. (Eliot Spitzer, Attorney General of the State of New York, M. Patricia Smith, Assistant Attorney General in Charge of Labor Bureau, Marion R. Buchbinder, Assistant Solicitor General, on the brief), for Defendant–Appellee.

PRESENT: MINER, JACOBS, and CABRANES, Circuit Judges.

### *SUMMARY ORDER*

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE AT-**

TENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 13th day of June, two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the case is AFFIRMED.

Rigel Enterprises, Inc. appeals from a judgment entered in the United States District Court for the Western District of New York (Arcara, *J.*) dismissing the complaint. We agree with the district court that this case is not ripe for adjudication. *See Rigel Enters., Inc. v. Angello,* 01–CV–528A (W.D.N.Y. September 27, 2002) (RJA).

The Commissioner sent a letter to Rigel inviting or summoning it to a compliance conference. It is undisputed that the conference could result in an order to satisfy the vacation pay claims. Rigel argues, in a nutshell, that the proceedings would entail interpreting the collective bargaining agreement, and that the Commissioner is pre-empted from doing so because federal law requires strict enforcement of the agreement's arbitration provision, and because federal law pre-empts state law under § 301 of the Labor Management Relations Act, 29 U.S.C. 185(a). *See United Steelworkers of Am. v. Am. Manuf'g,* 363 U.S. 564, 568, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960). The district court held that the claim is not ripe for adjudication because (1) the Commissioner has not yet asserted a claim for vacation pay, and (2) attendance at the compliance conference is entirely voluntary.

We question whether attendance is voluntary, because Rigel's failure to attend the compliance conference will concededly result in a judgment. But from all that appears in the record, the state administrative proceedings may result in an order requiring payment in respect of vacation days owed in calender year 2000 only. Such a ruling would not entail interpreting the collective bargaining agreement, and on that ground we affirm.

Rigel expresses concern that the conference could result in an award of vacation pay in respect of 2001, arguably in derogation of ¶ 103 of the collective bargaining agreement, and certainly requiring an interpretation of that provision. As the state emphasizes, that may never happen; and if it does, the Commissioner's exercise of power may be cabined on review by the Industrial Board of Appeals.

It is also possible that the state administrative proceedings would result in an adjudication incompatible with principles of federal pre-emption. *See Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 407, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988) (holding that if a generally applicable law "require[s], at least in certain instances, collective bargaining agreement interpretation, the application of the law in those instances would be preempted"). But at this point we see no reason to make that supposition. *See United States v. Broad. Music, Inc.,* 275 F.3d 168, 178 (2d Cir. 2001) ("The ripeness doctrine 'cautions courts against adjudicating contingent future events that may not occur as anticipated, or indeed may not occur at all.'") (citation omitted).

Finally, because we conclude that the district court lacked jurisdiction, we do not reach the issue of *Younger* abstention.